IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-cv-089-DRH |
| ) | |
| GUY D. PIERCE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, petitioner challenges his April 1, 1997, conviction on two counts of first degree murder, for which he is serving a life sentence. Petitioner was convicted after a jury trial in the St. Clair County circuit court, case No. 95-CF-992. Petitioner appealed his conviction to the Illinois Appellate Court, Fifth Judicial District, alleging that he was prejudiced by the erroneous admission of two guns and ammunition, and that the prosecutor improperly used a State witness' prior consistent statement to bolster her testimony (Doc. 1, p.4). Petitioner's conviction was affirmed on appeal on March 19, 1999. Petitioner then sought leave to file a late petition for leave to appeal (PLA) to the Illinois Supreme

Court, but his request was denied. The instant petition does not indicate the date on which the Illinois Supreme Court denied the late PLA request.

Thereafter, on September 15, 1999, petitioner filed a post-conviction petition in the St. Clair County circuit court. Petitioner raised four issues: 1) based on newly discovered evidence, he was actually innocent; 2) the prosecution knowingly presented perjured testimony by Maria Wells, April Wells, and Essie Hickman regarding their identification of petitioner; 3) trial counsel was ineffective for failing to investigate alibi witness Cecelia Johnson and witness Lester Anderson, and for failing to file a motion to suppress identification; and 4) the in-court identification of petitioner by Maria Wells, April Wells, and Camenia Wells was tainted by a suggestive pre-trial identification, and by their observation of petitioner shortly before his trial in handcuffs while his counsel addressed him by name (Doc. 1, p. 5-6). Soon after filing his post-conviction petition, petitioner was appointed counsel, but discharged his attorney in October 2006 and elected to proceed *pro se* because the attorney did nothing to investigate or advance the case for seven years (Doc. 1, p. 16-17). On January 23, 2007, the post-conviction petition was denied at the second stage of review without an evidentiary hearing, after the State filed a motion to dismiss. Petitioner filed a motion for reconsideration, as well as a petition for relief from judgment under 735 ILL. COMP. STAT. § 2-1401. Petitioner claimed in his § 2-1401 petition that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence favorable to the defense that could have been used to impeach key State witness Essie Hickman. Both matters were denied by the trial court on July

24, 2007 (Doc. 1, p. 6). The § 2-1401 petition was denied as untimely (Doc. 1-11, p. 10).

Petitioner appealed from both trial court orders, the appeals were consolidated, and the Illinois Appellate Court, Fifth District, affirmed the trial court on March 8, 2010. *People v. Scott*, No. 5-07-0427 (Doc. 1-6, p. 34-39). The Illinois Supreme Court denied the petition for leave to appeal on May 26, 2010. *People v. Scott*, 932 N.E.2d 1035 (Ill.) (Table) (Doc. 1, p. 6-7). Petitioner then filed the current action with this Court on January 31, 2011.

In his petition currently before the Court, Petitioner makes four claims: 1) the prosecution knowingly used perjured testimony where the police coerced April Wells, Camenia Wells, and Maria Wells to falsely claim that they had not discussed their identification of petitioner with each other; 2) the in-court identification of petitioner by Maria, April, and Camenia Wells was tainted because the pretrial identification procedure was impermissibly suggestive, and these witnesses did not know who petitioner was until they saw him in handcuffs shortly before the trial and heard counsel call his name; 3) petitioner was denied the effective assistance of counsel because his attorney failed to investigate alibi witness Cecilia Johnson and additional witness Lester Anderson, as well as failed to pursue or file a motion to suppress identification; and 4) the State committed a *Brady* violation by suppressing evidence that key State witness Essie Hickman had eleven pending criminal charges and outstanding arrest warrants at the time she testified against petitioner.

The Court finds that respondent should be directed to answer the petition.

**Pending Motions**

Along with his petition, petitioner filed a motion for order to expand record (Doc. 5), seeking permission to include exhibits 23, 26, and 30 with his petition. This motion is **GRANTED**. It appears that these exhibits have already been docketed in Doc. 1-10 (Ex. 23, p. 5-8; Ex. 26, p. 9; Ex. 30, p. 18-19).

Petitioner also filed a motion for leave to append previously unavailable exhibits (Doc. 15), requesting to add exhibits 11, 20, 24, 25, 31, 33, 36, 37, 38, and 39 to his petition. Petitioner explained that these exhibits were in one of his legal document storage boxes that had been misplaced by the prison, and was subsequently located and returned to him. This motion is **GRANTED**, and the Clerk is **DIRECTED** to add these exhibits to the record in this case.

**Disposition**

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for writ of habeas corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2)

and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 27, 2011

Digitally signed by David R. Herndon
Date: 2011.07.27 10:46:29 -05'00'

**Chief Judge**
**United States District Court**