IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-89-DRH-DGW |
| ) | |
| RANDY PFISTER, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on October 21, 2011 (Doc. 29). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the case be **DISMISSED**, and the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On February 27, 1995, Petitioner Daniel Scott and two accomplices "gunned down" Terrence Mumphrey and Bobby Wiley in East St. Louis, Illinois (Doc. 29, p. 1). On April 1, 1997, a St. Clair County, Illinois, jury found Scott guilty of two counts of first degree murder (Doc. 1, p. 3). The trial court sentenced him to a term of natural life in prison (Doc. 1, p. 4). On March 19, 1999, the Appellate Court of Illinois, Fifth District, affirmed the conviction (Doc. 30, Exh. A). On April 12, 1999, Scott filed in the Appellate Court an affidavit of intent to file a Petition for

Leave to Appeal (PLA) to the Illinois Supreme Court (Doc. 30, Exh. C). Scott admits, however, that he never filed a PLA in the Supreme Court (Doc. 1, p. 4; Doc. 34, p. 3).[1]

On September 15, 1999, Scott filed a petition for post-conviction relief in the trial court pursuant to 725 ILCS 5/122-1. The trial court denied relief on January 23, 2007 (Doc. 30, Exh. E). On July 20, 2007, Scott filed a petition for relief from judgment in the trial court, challenging the trial court's denial of post-conviction relief (Doc. 30, Exh. F). The trial court denied relief from judgment. Scott filed notices of appeal from both the denial of post-conviction relief and denial of relief from judgment. The Appellate Court consolidated the appeals, and on March 8, 2010, affirmed the trial court's denial of both the petition for post-conviction relief and the petition for relief from judgment (Doc. 30, Exh. B). Scott filed a petition for leave to appeal, which the Illinois Supreme Court denied on May 26, 2010 (Doc. 30, Exh. G).

Scott filed a pro se petition for writ of habeas corpus in this Court on January 31, 2011 (Doc. 1). Respondent filed the pending Motion to Dismiss on October 21, 2011, arguing that Scott's petition should be dismissed as untimely because it was not filed within the one-year period prescribed in 28 U.S.C. § 2244(d) (Doc. 29).

Scott filed a response in which he argues that his petition was timely because 1) the one-year limitations period does not commence until after the expiration of the 90-day period in which he could have (but did not) file a petition for writ of certiorari in the United States Supreme Court, and 2) under the "prison mailbox" rule his petition is considered filed on the date he placed it in the outgoing prison mail, not on the date the United States District Court received it (Doc. 34).

## CONCLUSIONS OF LAW

An inmate in state custody may challenge his underlying state conviction in a petition for

---

[1] Respondent's search of Westlaw's online database also revealed no evidence of a PLA.

habeas corpus relief filed pursuant to 28 U.S.C. §2254. This code section imposes prerequisites to habeas relief, which include, *inter alia*, the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Under 28 U.S.C. §2244(d), a habeas petition must be filed within strict time limits:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The burden is on the respondent to show that the petition is untimely. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Respondent argues that Scott's petition is untimely because it was filed more than a year after the expiration of the time he could have sought direct review in the Illinois Supreme Court.

3

Section 2244(d)(1)(A) provides that the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Scott did not file a PLA to the Illinois Supreme Court. Under the Illinois Supreme Court Rule applicable in 1999, Scott was required to file his PLA, or an affidavit of intent to file a PLA, within 21 days of the Appellate Court judgment (or Appellate Court judgment on rehearing, or denial of a petition for rehearing). If he filed an affidavit of intent within that 21-day period, he secured a 35-day period from the judgment of the appellate court in which to file the PLA. Ill. S.Ct. R. 315 committee comments. *See also Roth v. Ill. Farmers Ins. Co.*, 782 N.E.2d 212, 214 (Ill. 2002) (quoting rule as "[u]nless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 21 days after entry of the judgment of the Appellate Court, *or within the same 21 days file with the Appellate Court an affidavit of intent to file a petition for leave, and file the petition within 35 days after the entry of such judgment*." (emphasis in original)).

Scott filed an affidavit of intent, but never filed a PLA. As such, his direct review concluded with the judgment of the Appellate Court of Illinois, on March 19, 1999. Section 2244(d)(1)(A) allows for a petitioner to count the time available for seeking such review. That is, the conclusion of direct review is counted from the date of the judgment of the appellate court, plus the 35 days in which he could have filed a PLA in the Illinois Supreme Court. The conclusion of direct review, therefore, occurred on April 23, 1999. From that date, he had one year—until April 23, 2000—to file a federal petition for writ of habeas corpus. He did not file his petition for writ of habeas corpus in this Court until January 31, 2011, over ten years after the one-year limitation period had run.

4

Under 28 U.S.C. § 2244(d)(2), however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner filed a petition for post-conviction relief in the trial court on September 15, 1999, which tolled the running of the one-year clock. As of the filing of the petition for post-conviction relief, 145 days had elapsed. The Illinois Supreme Court denied Scott's petition for leave to appeal the denial of his petition for post-conviction relief on May 26, 2010. On that date the one-year clock started again (145 days having already elapsed).[2] Thus, Scott had an additional 220 days—until January 3, 2011—to file his federal habeas petition.[3] Scott's petition for writ of habeas corpus was received in the District Court Clerk's office on January 31, 2011, 28 days too late.

### *Scott may not count the 90 days in which he could have filed a petition for writ of certiorari.*

Scott makes two arguments that his petition was timely. He argues, first, that the one-year clock did not commence until July 22, 1999, because he was entitled to the 90-day period in which he could have sought a writ of certiorari in the United States Supreme Court. A habeas petitioner who seeks review of a judgment affirming a criminal conviction by a state supreme court is entitled to count the 90-day period during which he could have filed a petition for writ of certiorari in calculating the date for conclusion of direct review. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Scott is correct to point out past intra-circuit and inter-circuit ambiguity regarding whether a habeas petitioner who did not seek leave to appeal in the state supreme court

---

[2] The time during which an inmate could have filed a petition for writ of certiorari to the United States Supreme Court seeking review of the denial of post-conviction relief does not toll the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). *See Lawrence v. Florida*, 549 U.S. 327 (2007).

[3] Specifically, 220 days elapsed on January 1, 2011, which was a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C) the filing date is extended to the following Monday, January 3, 2011.

was also entitled to count this period. *See Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (allowing, without discussion, for ninety days in which petitioner could have applied for writ of certiorari); *but see Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002) (implicitly denying, without discussion, ninety days in which petitioner could have applied for writ of certiorari).

The Supreme Court this year put to rest any remaining ambiguity on the question in *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012). Justice Sotomayor, writing for the majority, "declined to incorporate the 90-day period for seeking certiorari" in determining the finality of a state court judgment where the petitioner did not seek leave to appeal in the highest court of the state. *Id.* at 656. The Court held that "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires." *Id. Gonzalez* makes clear that because Scott did not file a PLA with the Illinois Supreme Court, he was not entitled to count the 90-day writ-of-certiorari period. Thus, his conviction became final on April 23, 1999, and his petition was due in this Court 365 days after the conclusion of direct review. As explained above, 145 days ran on the one-year clock before the September 15, 1999, filing of the petition for post-conviction relief. After the Illinois Supreme Court denied the PLA seeking review of the denial of that relief on May 26, 2010, Scott had 220 days—until January 3, 2011—to file his federal habeas petition. Scott did not file his federal habeas petition by that date, thus it was not filed one year of the conclusion of direct review. The undersigned therefore **RECOMMENDS** that the Court find the petition untimely.

***The prison mailbox rule does not save Scott's petition.***

Scott argues, second, that through application of the "prison mailbox" rule, his petition was

6

timely.  Under the mailbox rule, a *pro se* prisoner's petition for a writ of habeas corpus is considered filed on the date he gave it to prison officials for mailing, not on the date it was received in the district court. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).  Petitioner certified that he placed the petition for writ of habeas corpus in the door of his cell on January 9, 2011, for mailing (Doc. 1-2, p. 22).

As noted above, Scott's conviction became final on April 23, 1999.  From that date, 145 days elapsed before Scott filed his petition for post-conviction relief in the trial court on September 15, 1999.  The Illinois Supreme Court denied Scott's PLA challenging the denial of post-conviction relief on May 26, 2010.  From that date, Scott had 220 days—until January 3, 2011—to file his federal petition for writ of habeas corpus.  He did not place his petition in the outgoing prison mail until January 9, 2011, six days too late.

### *Scott is not entitled to equitable tolling.*

Although Petitioner does not raise the issue, Respondent preemptively argues the one-year limitations period is not subject to equitable tolling.  The Court agrees.  Equitable tolling is limited to extraordinary circumstances, *see Holland v. Florida*, 130 S.Ct. 2549 (2010), and is rarely granted, *see Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006).  Difficulty obtaining legal materials, accessing the law library, or other foreseeable delays do not constitute extraordinary circumstances.  In *Jones*, the Court held that a petitioner's placement in segregation, during which time he had no access to the law library; limited library access at other times; and delays in receiving mail were insufficient to justify equitable tolling. *Id.*  Any entitlement to equitable tolling also requires the exercise of "reasonable diligence," *Jones*, 449 F.3d at 789, which the Supreme Court strictly interprets, *see Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (holding

7

five-month delay between state court's ruling on post-conviction petition and filing of federal habeas petition constituted "lack of diligence").

In applying those principles to the facts of Scott's case, the Court sees no evidence that Scott faced extraordinary circumstances preventing him from filing his habeas petition on time, nor is there evidence that Scott acted diligently in attempting to file his petition by January 3, 2011. Accordingly, the Court recommends that equitable tolling does not apply.

## PENDING MOTIONS

Since Respondent filed the Motion to Dismiss, Scott has filed three additional motions: a Motion for Leave to Supplement Critical Points to Petitioner's Motion in Opposition to Respondent's Motion to Dismiss (Doc. 35), a Renewed Motion to Appoint Counsel (Doc. 36), and a Motion for Leave to Invoke the Process of Discovery (Doc. 38). In light of the undersigned's recommendation that the petition for habeas corpus was not filed within the one-year limitations period, the undersigned further recommends that each of these motions be **DENIED as moot**.

## CONCLUSION

Accordingly, the undersigned recommends that the Court **FIND** that the petition is untimely. It is therefore **RECOMMENDED** that the Motion to Dismiss filed by Respondent be **GRANTED**, that the petition be **DISMISSED**, that the pending motions be **DENIED as moot**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th

Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 8, 2012**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**