IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-89-DRH-DGW |
| | ) |
| RANDY PFISTER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**

**I. Introduction and Background**

This matter comes before the Court on Magistrate Judge Wilkerson's report and recommendation ("the Report") recommending that the Court grant respondent's motion to dismiss and deny Scott's pending motions as moot. Scott timely filed objections to the Report (Doc. 42). Based on the following, the Court **ADOPTS** the Report in its entirety.

On April 1, 1997, Scott was found guilty of two counts of first degree murder and was sentenced to a term of life in prison (Doc. 1 pp. 3-4). After filing petitions for post-conviction relief, relief from judgment, and leave to appeal, all of which were denied, Scott filed a *pro se* petition for writ of habeas corpus on January 31, 2011 (Doc. 1). Respondent filed a motion to dismiss on October 21, 2011, arguing that Scott's petition was untimely since it was not filed within the one-year period mandated by 28 U.S.C. § 2244(d), and thus it should be

dismissed (Doc. 29). On December 22, 2011, Scott filed a response in opposition to the motion (Doc. 34). In his response, Scott contends his petition was timely since (1) the one-year period does not begin until ninety days after he could have (but did not) file a petition for writ of certiorari in the United States Supreme Court, and (2) the "prison mailbox" rule rendered his petition "filed" on the date he placed it in the prison mail instead of on the date the Court received it. After filing his response, Scott also filed a motion for leave to supplement critical points to petitioner's motion in opposition to respondent's motion to dismiss (Doc. 35), a renewed motion to appoint counsel (Doc. 36), and a motion for leave to invoke the process of discovery (Doc. 38).

  Judge Wilkerson then issued the Report finding that Scott's petition was, in fact, untimely (Doc. 39). In the Report, Judge Wilkerson concludes that (1) Scott's petition, which was received in the district court clerk's office on January 31, 2011, was twenty-eight days too late, (2) Scott may not count the ninety days in which he could have filed a petition for writ of certiorari, (3) the "prison mailbox" rule does not render Scott's petition timely since it would still be six days too late under that rule, and (4) Scott is not entitled to equitable tolling. Judge Wilkerson therefore recommends that respondent's motion to dismiss be granted. Further, the Report recommends that Scott's additional motions be denied as moot since his petition for habeas corpus was untimely.

  Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SDIL-LR

73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Facts

On February 27, 1995, Scott and two accomplices "gunned down" Terrence Mumphrey and Bobby Wiley in East St. Louis, Illinois (Doc. 29, p. 1). A St. Clair County jury found Scott guilty of two counts of first degree murder on April 1, 1997, and the trial court sentenced him to a term of natural life in prison (Doc. 1, p. 3-4). The Appellate Court of Illinois, Fifth District, affirmed the conviction on March 19, 1999 (Doc. 30, Exh. A). Scott then filed an affidavit of intent to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court on April 12, 1999 (Doc. 30, Exh. C). Yet Scott never filed a PLA. (Doc. 1, p.4; Doc. 34 p. 3).

Scott filed a petition for post-conviction relief in the trial court pursuant to 725 ILCS 5/122-1 on September 15, 1999. This petition was denied on January 23, 2007 (Doc. 30, Exh. E). On July 20, 2007, Scott filed a petition for relief from judgment in the trial court, challenging the trial court's denial of post-conviction relief (Doc. 30, Exh. F). This petition was also denied. Scott then filed notices of appeal from both denials, and on March 8, 2010, the Appellate Court affirmed the denial of both petitions (Doc. 30, Exh. B). The Illinois Supreme Court denied Scott's subsequent petition for leave to appeal on May 26, 2010 (Doc. 30, Exh. G).

On January 31, 2011, Scott filed the pending *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III. Legal Standard

An inmate in state custody may make an application for writ of habeas corpus challenging his state conviction on the ground that he is in custody in violation of the Constitution, laws, or treatises of the United States. 28 U.S.C. § 2254. However, habeas relief is subject to certain requirements, including strict time limits. 28 U.S.C. § 2244(d) imposes these time limits and reads as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondent carries the burden of establishing that the petition is untimely. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).

### IV. Analysis

**A.    Scott's petition was untimely based on the text of 28 U.S.C. § 2244(d).**

    **1.    § 2244(d)(1)(A)**

28 U.S.C. § 2244(d)(1)(A) states that the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Illinois law, a party seeking leave to appeal must file a PLA within thirty-five days of the appellate court's order. ILL. SUP. CT. R. 315(b). Thus, the expiration of time for seeking review under § 2244(d)(1)(A) is thirty-five days after the date of the appellate order. Here, the appellate court affirmed the trial court's judgment on March 19, 1999. Thirty-five days after that date is April 23, 1999. Scott thus had until April 23, 1999 to file a PLA, although he failed to do so. Therefore, Scott's opportunity to seek direct review ended and the one-year limitations period began to run on April 23, 1999.

Scott argued in his motion in opposition to respondent's motion to dismiss that the ninety days in which he could have filed a petition for writ of certiorari in the United States Supreme Court should be counted in determining the date for conclusion of direct review. However, as noted in the Report, this argument fails under the Supreme Court's recent *Gonzalez v. Thaler* decision. 132 S. Ct. 641

(2012). In finding the petitioner's federal habeas corpus petition time-barred, the Supreme Court held that for state prisoners who do not seek review in their state's highest court, judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires. *Id.* at 656. Since Scott, a state prisoner, did not file a PLA seeking review in the Illinois Supreme Court, his judgment became final on April 23, 1999, when the time for seeking review expired.

Finding then, that April 23, 1999, is the appropriate date upon which Scott's conviction became final, Scott would have had until April 23, 2000, to submit his habeas corpus petition if the limitations period continued to run. However, on September 15, 1999, Scott filed a petition for post-conviction relief. Pursuant to 28 U.S.C. § 2244(d)(2), Scott's filing of this petition tolled the limitations period. Thus, from April 23, 1999, until September 15, 1999, 145 days of the one-year limitation period elapsed.

On May 26, 2010, the Illinois Supreme Court denied Scott's petition for post-conviction relief, and the limitations period began to run once more. Since 145 days of the one-year limitation period had already elapsed, Scott had 220 days to file his habeas corpus petition. Excluding January 1st (which was a holiday) and 2nd (which was a Sunday), Scott had until January 3, 2011, to file his habeas petition. Scott did not even place his petition in the prison postal system until January 9, 2011. Since he therefore did not file his habeas petition on or before January 3, 2011, that petition is untimely.

    2.    **§ 2244(d)(1)(B) and (D)**

In his objections to the Report, Scott contends 28 U.S.C. § 2244(d)(1)(B) and (D) apply, making his petition timely. The Court rejects this argument. First, § 2244(d)(1)(B) is not applicable here because there is no indication that Scott was prevented from filing an application due to state action. There was no impediment to Scott's ability to file a petition.

Second, Scott's argument pursuant to § 2244(d)(1)(D) that he discovered the factual predicates of his claim in 2005 and 2006, while his petition for post-conviction relief was still pending, is waived because it was not raised before Judge Wilkerson. It is well established in the Seventh Circuit that arguments not made before a magistrate judge and that are raised for the first time in an objection are waived. See *United States v. Meglar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Gray v. Hinsley*, 04-CV-118-JPG, 2008 WL 2005029, *3 (S.D. Ill. May 8, 2008); *Cunningham v. Posnet Servs., LLC*, 05-CV-4191-JPG, 2008 WL 905881, *3 (S.D. Ill. Apr. 1, 2008); *Hopson v. Davis*, 04-CV-604-JPG, 2006 WL 285991, at *1 (S.D. Ill. Feb. 3, 2006). "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040.

Thus, since § 2244(d)(1)(B) is inapplicable and since Scott's §

Page 7 of 10

2244(d)(1)(D) argument was waived, the timeliness of Scott's petition must be determined according to 28 U.S.C. § 2244(d)(1)(A), which has been considered above.

**B.     The "prison mailbox" rule does not render Scott's petition timely.**

The Seventh Circuit recognizes a "prison mailbox" rule in which habeas petitions filed by *pro se* prisoners will be deemed filed when given to prison officials for mailing. *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). Since Scott is a prisoner who filed his habeas petition *pro se*, that petition is considered filed on January 9, 2011, the date on which he placed the petition in the door of his cell.

As noted above, 145 days elapsed from April 23, 1999, the date on which Scott's petition became final, until the one-year limitations period tolled on September 15, 1999. That period began to run again on May 26, 2010, when the Illinois Supreme Court denied Scott's petition for post-conviction relief. Thus, Scott had 220 days, or until January 3, 2011, to give his *pro se* habeas petition to prison officials for mailing. Since he was six days too late in doing so, the "prison mailbox" rule does not render his petition timely.

**C.     Scott is not entitled to equitable tolling.**

Equitable tolling, which is rarely granted, excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). A litigant seeking equitable tolling generally bears the burden

of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 554 U.S. 408, 418 (2005). The Report is correct in finding that Scott's one-year limitation period is not subject to equitable tolling. Although Scott mentions in his objections that he is disadvantaged as a *pro se* litigant attempting to grasp the complexity of habeas corpus, with only the prison law library at his hands (Doc. 42 pp. 10, 12), such circumstances are insufficient evidence of "extraordinary circumstances" to require equitable tolling. See *Jones*, 449 F.3d at 789. Even if the Court were to accept his position as extraordinary, Scott still has not acted with "reasonable diligence" in filing his petition, which was filed over seven months after the Illinois Supreme Court denied post-conviction relief. See *Pace*, 544 U.S. at 418-19 (finding diligence lacking where five months elapsed after the state court's ruling on post-conviction relief before the petitioner filed his habeas petition). Therefore, equitable tolling is inapplicable here.

**D.     Scott's three pending motions should be denied as moot.**

In his objections, Scott argues that his motion for leave to supplement critical points is not moot and should be granted so he can add an argument in response to respondent's motion to dismiss that his petition is timely under 28 U.S.C. § 2244(d)(1)(D). Scott also contends his motion for leave to invoke the process of discovery is not moot because discovery will allow him to learn more about the factual predicate upon which he claims his habeas petition is based. Lastly, Scott argues that his renewed motion for appointment of counsel is not

moot because under § 2244(d)(1)(D), his claims are timely, and appointing counsel would eliminate the disadvantage he confronts as a *pro se* litigant with little expertise or resources.

The Court rejects these arguments. Each motion is moot because Scott's initial petition, filed on January 9, 2011, was untimely pursuant to § 2244(d)(1)(A). That section was the only relevant framework before Judge Wilkerson for determining whether the one-year limitations period had expired. As explained above, § 2244(d)(1)(D) was not argued before Judge Wilkerson, and thus Scott waived that argument. Accordingly, Scott's arguments here regarding § 2244(d)(1)(D) are irrelevant in determining whether the other motions are moot because his original petition was untimely. Since the Report properly finds Scott's petition untimely, his three pending motions are moot.

## V. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 39); **GRANTS** respondent's motion to dismiss (Doc. 29); and **DENIES** Scott's pending motions as moot (Docs. 35, 36, 38). Thus, the Court **DISMISSES with prejudice** the petition and **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.    **IT IS SO ORDERED.**

Signed this 24th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.24 15:04:21 -05'00'

**Chief Judge**
**United States District Court**