IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-89-DRH-DGW |
| | ) |
| MARCUS HARDY | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court on Scott's motion for reconsideration (Doc. 45) of the Court's memorandum and order dismissing his petition for writ of habeas corpus and denying his pending motions as moot (Doc. 43). For the following reasons, Scott's motion for reconsideration is **DENIED**.

Scott's petition was dismissed by this Court because it was untimely. Further, the Court noted that Scott waived his argument that 28 U.S.C. § 2244(d)(1)(D) rendered his petition timely because that argument was not raised before Magistrate Judge Wilkerson and instead was raised for the first time in Scott's objections to Judge Wilkerson's report and recommendation. Scott argues in his motion for reconsideration that he did not waive his § 2244(d)(1)(D) argument because he attempted to raise them before Judge Wilkerson by filing a motion for leave to supplement critical points two months before Judge Wilkerson filed his report and recommendation. Moreover, Scott notes that the prison law

library is inadequate and that he only receives an hour and a half per week to use the library services. It was through this slow process that he learned the meaning of the term "factual predicate" as used in § 2241(d)(1)(D), and he filed his motion to supplement immediately thereafter.

Although a "motion to reconsider" does not technically exist under the Federal Rules of Civil Procedure, the Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chi.*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach–that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions–no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A Rule 59(e) motion to alter or amend judgment may only be granted if the movant establishes there was a mistake of law or fact or presents newly

discovered evidence that could not have previously been discovered. *In re Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (finding that a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

Scott's instant motion was filed on October 12, 2012, within twenty-eight days of the challenged order dated September 24, 2012. His argument that the Court was incorrect in concluding that his § 2244(d)(1)(D) argument was waived is an argument that the Court made a mistake of fact, for Scott is essentially claiming that he *did* raise his § 2241(d)(1)(D) argument before Judge Wilkerson. Thus, Scott's motion for reconsideration will be construed under Rule 59(e), a less exacting standard than Rule 60(b).

Even under Rule 59(e), however, Scott's arguments fail. Although Scott contends that he did not waive his arguments because he raised them before Judge Wilkerson through his motion to supplement, the fact remains that nowhere in that motion does § 2244(d)(1)(D) appear. Indeed, never before Judge Wilkerson did Scott argue that § 2244(d)(1)(D) saved his petition as timely. Thus, the Court did not make a mistake of fact in finding that Scott waived his § 2244(d)(1)(D) argument by raising it for the first time in his objections to Judge Wilkerson's report and recommendation. Regardless of the disadvantages the prison law library has presented Scott, and regardless of the slow process through which he has worked in crafting his claims, his petition was still untimely.

For these reasons, Scott's motion for reconsideration (Doc. 45) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2012.

Digitally signed by
David R. Herndon
Date: 2012.10.25
12:07:02 -05'00'

**Chief Judge**
**United States District Court**